**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DENIA D. BARR : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:05-CV-2509-RWS-GGB |
| J.B. HUNT TRANSPORTATION, : | |
| INC., : | |
| : | |
| Defendant. | |

ORDER

This case is before the Court for consideration of the Final Report and Recommendation ("R&R") [26] of Chief Magistrate Judge Gerrilyn G. Brill. Defendant has filed Objections [29] to the R&R. Plaintiff filed a Response [34] to the Objections, and Defendant filed a Reply [35] thereto. After considering the entire record, the Court enters the following order.

Except as stated below, the Court agrees with the findings and conclusions in the R&R. Specifically, the Court finds that Plaintiff established a *prima facie* case and that Defendant's proffered reason for its failure to select Plaintiff for the position of Safety Instructor, that she could not physically perform the functions of a driver, satisfies Defendant's burden of presenting a legitimate

AO 72A
(Rev.8/82)

nondiscriminatory reason for its failure to select Plaintiff.  However, the Court disagrees with the conclusion that Plaintiff has raised a genuine issue of fact as to whether Defendant's proffered reason is a mere pretext for discrimination.

At the time the Safety Instructor position was filled, Plaintiff was on modified light duty and could not physically perform all of the functions of a driver.  The evidence in support of Defendant's stated reason includes the testimony of Cary Colley that a Safety Instructor "would have to be able to get in and out of the truck safely." (Colley Dep. at 21).  He or she "would have to be able to demonstrate hooking and unhooking a tractor from a trailer." (Id.).  And the instructor would have "to be able to pull the fifth wheel and to adjust tandems." (Id.).

Paul Foster, the Forest Park Service Manager at the relevant time, was the ultimate decision maker.  When he was questioned about the reason Plaintiff was not hired, he testified as follows:

> Q   So why was Barr not considered?
>
> A   Because she wasn't - physically couldn't do those functions of a driver on the yard.
>
> Q   But nothing that I see in any of the [job description] requirements requires that a Safety Instructor be able to perform all of the duties of a driver.  Am I correct about that?

2

> A   Yes, sir.
>
> Q   So why was she being held to that standard?
>
> A   I just recall we always had - made sure everybody could pass the physical part.
>
> Q   So you - she was held to a standard that's not actually required by either of the documents, the job description or the posting; correct?
>
> A   Yes, sir.

(Foster Dep. at 42-43).

The R&R concluded that, while "it is a close call," a jury could "conclude that the reason given by Foster for his failure to consider Plaintiff for the Safety Instructor position in December 2003 was not the true reason for his decision." (R&R at 17). First, the R&R noted that the only evidence supporting the explanation was the testimony of Foster and Colley cited above and that there was no evidence "corroborating Foster's claim that employees on light duty were routinely disqualified for the position of Safety Instructor." (Id. at 17-18). Further, the official job description did "not specify any physical requirements, or describe any physically demanding duties." (Id. at 17).

Because Defendant has met its burden by presenting evidence that Plaintiff was not selected for the position because she was not physically capable of performing all of the duties of a truck driver, Plaintiff must "create a genuine issue

3

of material fact as to whether the reasons advanced are pretextual. In other words, [Plaintiff] must provide sufficient evidence to allow a reasonable fact finder to conclude that the proffered reasons were not actually the motivation for [her non-selection]. [Plaintiff] may do this (1) by showing that the legitimate nondiscriminatory reasons should not be believed; or (2) by showing that, in light of all of the evidence, discriminatory reasons more likely motivated the decision than the proffered reasons." Standard v. A.B.E.L. Services, Inc., 161 F.3d 1318,1332 (11th Cir. 1998).

The official job description does not include any specific physical requirements. Nor are the primary responsibilities of Safety Instructors focused on physical tasks. However, the Court finds that the absence of a stated physical requirement in the job description does not preclude Defendant from considering an applicant's ability to physically do the job. See Wrenn v. Gould, 808 F.2d 493, 502 (finding employer could consider a masters degree in hiring decision although "not a requirement" for the position); AKA v. Washington Hospital Server, 156 F.3d 1284, 1297, n.15(D.C. Cir. 1998) (finding "reasonable employers do not ordinarily limit their evaluation of applicants to a mechanistic checkoff of qualifications required by the written job descriptions"); Alexander v. Chattahoochee Valley Community College, 325 F.Supp. 2d 1274, 1284 (M.D.

4

Ala. 2004) (finding that a hiring decision based on a job duty not included in the written qualifications for the job did not show pretext when plaintiff did not produce any evidence that the duty was not, in fact, done by the person selected for the position).

To prefer an applicant who is physically capable of performing all of the duties of a driver over an applicant who is on modified light duty and unable to perform all of the duties of a driver is not unreasonable and does not suggest a discriminatory intent. Mr. Colley testified that a Safety Instructor would be expected to "be able to demonstrate hooking and unhooking a tractor from a trailer." (Colley Dep. at 21). "Dropping the trailer" requires the driver to exit the cab, crank down metal supports, and pull the "fifth wheel." (Foster Dep. at 27-28). This requires the driver to pull a handle underneath the trailer. (Id.). Plaintiff was not able to perform all of these tasks. To prefer an applicant who could perform those tasks is not evidence of pretext.

Although no company personnel records have been presented by Defendant in support of its position, the testimony of the actual decision maker has been presented. Mr. Foster's testimony is corroborated by Mr. Colley's description of the duties of the Safety Instructor. The record does not support a conclusion that the physical requirement was created to justify denying Plaintiff this position. On

5

the contrary, the evidence supports a conclusion that all persons who have held the position of Safety Instructor were physically capable of performing all the duties of a truck driver. Corroboration of this conclusion can be found in Plaintiff's own testimony:

> Q   My question was very different, my question was: were you aware of anyone being placed in the position of Safety Instructor while on modified duty?
>
> A   I don't know whether he was released for modified duty or not. I do not know that.
>
> Q   So as you sit here today, you are unaware of anyone; is that correct?
>
> A   That's correct.
>
> Q   Are you, as you sit here today, aware of any employee who is already a Safety Instructor that was placed on modified duty that would prevent them from driving a tractor-trailer or unhitching a trailer or anything like that and they were left in the position of Safety Instructor?
>
> A   Not that I'm aware of.

(Barr Dep. at 167-68).

In the absence of any evidence contradicting Defendant's proffered reason for not considering Plaintiff for the position, the Court concludes that Plaintiff has failed to create a genuine issue of material fact as to whether the reason advanced

6

by Defendant was pretextual. Therefore, Defendant's Motion for Summary Judgment [19] is hereby **GRANTED**.

**SO ORDERED**, this   28th   day of September, 2007.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

7